Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Andrew B. Sparkman;<br><br>    Plaintiff,<br><br>v.<br><br>AFNI, Inc.; and First National Collection Bureau, Inc.;<br><br>    Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

**I. Preliminary Statement**

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. In the course of attempting to collect a debt, Defendants intentionally engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA. Plaintiff seeks to recover statutory damages, actual damages, costs and attorney's fees.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

## III. PARTIES

3. Plaintiff is a resident of Maricopa County, Arizona.
4. Plaintiff is allegedly obligated to pay an alleged debt which was incurred for personal, family, or household purposes.
5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
6. Defendant AFNI, Inc. is a Delaware corporation, registered to conduct business within the State of Arizona.
7. Afni is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0904179.
8. Afni collects or attempts to collect debts owed or asserted to be owed or due another, or which it claims to have acquired after default.
9. Afni is a "debt collector" as that term is defined by FDCPA § 1692a(6).
10. Defendant First National Collection Bureau, inc. ("FNCB") is a Nevada corporation, registered to conduct business within the State of Arizona.
11. FNCB is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0009841.
12. FNCB collects or attempts to collect debts owed or asserted to be owed or due another, or which it claims to have acquired after default.
13. FNCB is a "debt collector" as that term is defined by FDCPA §

1692a(6).

## IV.  Factual Allegations

14. Prior to 2013, Plaintiff received satellite television service at his home from DirectTV for personal, family or household purposes.

15. In or about 2013, Plaintiff became delinquent on his account with DirectTV and his services were terminated.

16. DirectTV subsequently assigned the balance claimed to be owed on his account to Afni for collection purposes.

17. On October 29, 2014, Afni sent Plaintiff a collection notice concerning the DirectTV debt. (A copy of the October 29th notice is attached hereto as Exhibit A).

18. In the October 29th notice, Afni claimed DirectTV was owed a balance of $509.08, and would accept $254.54 as settlement in full.

19. In the notice, Afni also stated that Plaintiff could make his payment by calling a toll free number listed in the letter.

20. Afni further provided in the October 29th notice that "Once paid, our records will reflect the status of your account with Afni, Inc. as closed as settled."

21. On or about November 21, 2014, Plaintiff paid Afni the settlement amount of $254.54 and settled the account in full.

22. Subsequent to payment of the settlement amount, Afni sent Plaintiff another collection notice demanding payment.

23. Upon information and belief, subsequent to payment of the settlement amount, Afni reported a balance owing to one or more of the consumer reporting agencies.

1  24. Upon information and belief, Afni failed to communicate to DirectTV
2      that Plaintiff had settled the account in full.
3  25. Upon information and belief, and subsequent to payment of the
4      settlement amount, Afni communicated credit information concerning
5      Plaintiff which was known or which should have been known to be
6      false.
7  26. Subsequent to payment of the settlement amount, DirectTV assigned
8      Plaintiff's settled account to FNCB for collection purposes.
9  27. On or about April 11, 2015, FNCB sent Plaintiff a collection notice
10     stating that he owed a balance of $509.08 to DirectTV. (A copy of the
11     April 11th notice is attached hereto as Exhibit B).
12 28. At the time it sent its April 11th notice, FNCB knew or should have
13     known that Plaintiff's DirectTV account had been settled in full.
14 29. In its April 11th collection notice, FNCB fails to clearly state to whom
15     the debt is owed as required by 15 U.S.C. § 1692g(a)(2).
16 30. Subsequent to receiving the April 11th notice, Plaintiff telephoned
17     FNCB and spoke with Laura Castillo-Lopez, a collector.
18 31. During this phone conversation, Ms. Lopez stated that the account had
19     already been reported to the consumer reporting agencies.
20 32. After receipt of the April 11th letter, Plaintiff also called DirectTV.
21 33. The DirectTV employee stated that DirectTV showed no record of
22     Plaintiff's payment of the settlement amount.
23 34. As a result of Defendants' actions as outlined above, Plaintiff has
24     suffered damages including, but not limited to, anxiety, worry, and
25     other emotional distress.

35. Defendants' actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiff's rights, and part of Defendants' persistent and routine practice of debt collection.

36. In the alternative, Defendants' actions were negligent.

## V. Causes of Action

### a. Fair Debt Collection Practices Act

37. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

38. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), 1692g, and 1692g(a)(2).

39. As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

    a) Actual damages under the FDCPA;
    b) Statutory damages under the FDCPA;
    c) Costs and reasonable attorney's fees pursuant to the FDCPA; and
    d) Such other relief as may be just and proper.

/ / /

/ / /

DATED April 30, 2015 .

s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff